Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, | 20 Civ. 9073 (PAE) |
| *Plaintiff* | **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** |
| v. | |
| BACKFORTHTRADELTD, BLACKPOWERELECTRIC, BLUESINTERNATIONAL, BYFRI, COMB6RO7G, FRIENDTALK, GAO LI STORE, GDFKGTUY, GIRLS & BOYS, HAWKYTRADE, HIGASHIUME, HIGHERFLY, HOPENHAGEN, HP1ZJMFPD, HYQWA789, JMT34J694, KMI123, KOZEYSDOTCOM, LISEXHQDK, MARINELIFE, MCSOABEREQXVN, MEI11, OGTQ0Q0AE, P99UTIANZHIJIA@163.COM, PERSEVERANCECOLTD, PIAPPLE, PNEUMATIC TOOLS, POSITIVESTYLE, Q2Q2W5, QILUSTORE, SATOTHRKCGB, SEYFYLEETHESRMC, SLALLEAWCAVOK, SMEIGHTVIGBH, SNZDIDE3A, TEAUSHYSMSBBJ, THEETALNWYS, THINK BEST, THODOASTFBQGQ, TITHYSVJID, UNBEATABLESALE.COM, WANGJUANJUANG, WHOULEDVPVFK, WR1YJC1EB, WZ1NYEP51, XANJ6P8HW, XINTANG SHOP, Y LAQDWQD, YOUDI-STORE, YUNXIANGYISHANG, Z10RKETX9, ZHANGWEI1986 and ZHAOYINGHAI33, | |
| *Defendants* | **FILED UNDER SEAL** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC |
| **Defendants** | BackforthTradeltd, blackpowerelectric, Bluesinternational, BYFRI, COMB6RO7G, friendtalk, Gao Li Store, gdfkgtuy, girls & boys, HawkyTrade, Higashiume, higherfly, Hopenhagen, HP1ZJMFPD, hyqwa789, JMT34J694, kmi123, KOZEYSDOTCOM, lisexhqdk, Marinelife, mcsoabereqxvn, MEI11, OGTQ0Q0AE, p99utianzhijia@163.com, Perseverancecoltd, Piapple, Pneumatic tools, positivestyle, q2q2w5, qilustore, satothrkcgb, seyfyleethesrmc, slalleawcavok, smeightvigbh, SNZDIDE3A, teaushysmsbbj, theetalnwys, Think Best, thodoastfbqgq, tithysvjid, Unbeatablesale.com, wangjuanjuang, whouledvpvfk, WR1YJC1EB, WZ1NYEP51, XANJ6P8HW, XinTang shop, y laqdwqd, Youdi-store, Yunxiangyishang, Z10RKETX9, zhangwei1986 and zhaoyinghai33 |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on October 29, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 29, 2020 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Baseboard Buddy Mark** | U.S. Trademark Registration No. 4,016,645 for "BASEBOARD BUDDY" for hand-held baseboard |

i

| | |
|---|---|
| | cleaning implements, namely, a manually-operated handled implement, namely, a cleaning pad formed with a baseboard cleaning head in Class 21 |
| **Baseboard Buddy Works** | U.S. Copyright Reg. Nos.: PA 2-058-097 covering the Baseboard Buddy Commercial, VA 2-071-475 covering the Baseboard Buddy Instruction Manual, VA 2-070-567 covering the Baseboard Buddy Packaging and VA 2-071-468 covering the Baseboard Buddy Website |
| **Baseboard Buddy Product** | A multi-use cleaning duster that uses both a shape-adjusting head and Swivel technologies to clean at every angle and design |
| **Counterfeit Products** | Products bearing or used in connection with the Baseboard Buddy Mark and/or Baseboard Buddy Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baseboard Buddy Mark and/or Baseboard Buddy Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baseboard Buddy Mark and/or Baseboard Buddy Works and/or products that are identical or confusingly or substantially similar to the Baseboard Buddy Product |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as |

ii

| | |
|---|---|
| | ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings.  Having reviewed the Application, Declarations of Jennifer De Marco and Danielle S. Yamali, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

<u>**FACTUAL FINDINGS & CONCLUSIONS OF LAW**</u>

1.      Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products that Plaintiff promotes and sells throughout the United States and the world through major retailers and well-known mass retail outlets, including, but not limited to: Wal-Mart, Target and Bed Bath & Beyond, as well as through its retail customers' websites and a network of international distributors, among other channels of trade.

2.      One of Plaintiff's most popular and successful products is Baseboard Buddy, a multi-use cleaning duster that uses both a shape-adjusting head and Swivel technologies to clean at every angle and design.

3.      Plaintiff is the exclusive licensee of the Baseboard Buddy Mark, U.S. Trademark Registration 4,016,645 for "BASEBOARD BUDDY" for hand-held baseboard cleaning implements,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Application or Glossary.

1

namely, a manually-operated handled implement, namely, a cleaning pad formed with a baseboard cleaning head in Class 21, which is owned by Michele I. Goodman;

      4.      The Baseboard Buddy Mark is currently in use in commerce in connection with the Baseboard Buddy Product;

      5.      In addition, Plaintiff also owns the registered copyrights related to the Baseboard Buddy Product.  For example, Plaintiff owns the Baseboard Buddy Works, including U.S. Copyright Reg. Nos.: PA 2-058-097 covering the Baseboard Buddy Commercial, VA 2-071-475 covering the Baseboard Buddy Instruction Manual, VA 2-070-567 covering the Baseboard Buddy Packaging and VA 2-071-468 covering the Baseboard Buddy Website;

      6.      Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Wish (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

      7.      Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York;

      8.      Defendants are not, nor have they ever been, authorized distributors or licensees of the Baseboard Buddy Product.  No one other than the Baseboard Buddy Mark owner, Plaintiff, its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Baseboard Buddy Mark or Baseboard Buddy Works;

      9.      Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial;

10.     As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.  Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Baseboard Buddy Works and/or Baseboard Buddy Mark;

b.  Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Baseboard Buddy Product; and

c.  Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Baseboard Buddy Works and/or Baseboard Buddy Mark, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Baseboard Buddy Works and/or Baseboard Buddy Mark, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Baseboard Buddy Works and/or Baseboard Buddy Mark and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names

3

and continue to offer for sale and sell Counterfeit Products with little to no consequence;

11.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Baseboard Buddy Works and/or Baseboard Buddy Mark and to its reputations if a temporary restraining order is not issued;

12.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Baseboard Buddy Works and/or Baseboard Buddy Mark, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Baseboard Buddy Product;

13.     Plaintiff has not publicized its request for a temporary restraining order in any way;

14.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants;

15.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Baseboard Buddy Works and/or Baseboard Buddy Mark. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants;

4

16.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.     Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)     manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Baseboard Buddy Works and/or Baseboard Buddy Mark and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baseboard Buddy Works and/or Baseboard Buddy Mark;

2)     directly or indirectly infringing in any manner Plaintiff's Baseboard Buddy Works and/or Baseboard Buddy Mark;

3)     using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baseboard Buddy Works and Baseboard Buddy Mark, to identify any goods or service not authorized by Plaintiff;

4)      using Plaintiff's Baseboard Works and/or Baseboard Buddy Mark and/or any other marks that are confusingly similar to the Baseboard Buddy Mark and/or any other artwork that is substantially similar to the Baseboard Buddy Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5)      using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6)      secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7)      effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

6

8)    knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2)    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3)    knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

7

2) knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.   Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court on a teleconference to be held on _____**November 12**_____, 2020 at ___**4:00**___ **p.m.** or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. The parties should call into the Court's dedicated conference line at (888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before_____**November 5**_____, 2020. Plaintiff shall file any Reply papers on or before _____**November 10**_____, 2020.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.   Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants'

Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.  Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   1)  delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore.com, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by ContextLogic pursuant to **Paragraph V(C)**.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, Inc., via ContextLogic Inc.'s DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic Inc.'s counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to Zeng Ni of PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

## V.  Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a.  their true name and physical address;

   b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

     c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

     d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

     e.  the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation,

12

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with

any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Baseboard Buddy Mark and/or Baseboard Buddy Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Baseboard Buddy Mark and/or Baseboard Buddy Works.

## VI.   Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of **five thousand** Dollars (   **$5,000**   ) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.   Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jennifer De Marco and Danielle S. Yamali in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)- (C), III(A) and V(C)** of this Order.

**SO ORDERED.**

This <u>30th</u> day <u>of October</u>, 2020, at 4:30 p.m.

*Paul A. Engelmayer*

UNITED STATES DISTRICT JUDGE

14

# SCHEDULE A

| No. | Defendant | Infringing Listing | Merchant Storefront |
|---|---|---|---|
| 1 | Backfdrch Tradeltd | https://www.wish.com/search/baseboard%20buddy/product/5d5f741a693be5728a99ce0 | https://www.wish.com/merchant/58b29bd3433e50ee786839 |
| 2 | blackpowerelectric | https://www.wish.com/search/baseboard%20buddy/product/5c68e2a4b20eb80d8bebf42f | https://www.wish.com/merchant/58b901515834d550556806 |
| 3 | Bluesinternational | https://www.wish.com/search/baseboard%20buddy/product/3a7167122e7793186a9f86fa | https://www.wish.com/merchant/58c66ea3d8613790e669f096 |
| 4 | BYFR | https://www.wish.com/search/baseboard%20buddy/product/5f2e52495e473103e51bc1d | https://www.wish.com/merchant/5ee5c219f596519ca509e8c |
| 5 | COM86R07G | https://www.wish.com/search/baseboard%20buddy/product/5f40d85211100c30bef174a5 | https://www.wish.com/merchant/57912b3233e583205cfadd |
| 6 | frienctaik | https://www.wish.com/search/baseboard%20buddy/product/5f57a1a340e2c20044b553fd | https://www.wish.com/merchant/590eb60eb60c25176bf13f |
| 7 | Geo.Li Store | https://www.wish.com/search/baseboard%20buddy/product/5c727a43fbc6e3a4a08e7a6 | https://www.wish.com/merchant/5875b212112b8d4632ceea2 |
| 8 | gdfagtuy | https://www.wish.com/search/baseboard%20buddy/product/5f53b77b632eaa2500 da6566 | https://www.wish.com/merchant/5d5769d5f09453bc0236167 |
| 9 | girls & boys | https://www.wish.com/search/baseboard%20buddy/product/5c68e29e8b83396d9db78555 | https://www.wish.com/merchant/561f50dc6475cc5874cda151 |
| 10 | HawkyTrade | https://www.wish.com/search/baseboard%20buddy/product/5f57abaa47d71l00d4fe23516 | https://www.wish.com/merchant/58b4d5ac3c76b2513508a592 |
| 11 | Higashijune | https://www.wish.com/search/baseboard%20buddy/product/58f42715cc5069118b73b623 | https://www.wish.com/merchant/5e60a90o6f61c0qa174a974 |
| 12 | higherfly | https://www.wish.com/search/baseboard%20buddy/product/5a977604407cb40809 4ea67c0 | https://www.wish.com/merchant/57888964aaf81273f6d740e4 |
| 13 | Hopeehagen | https://www.wish.com/search/baseboard%20buddy/product/5a9518ee918dae6c7802d8fd | https://www.wish.com/merchant/594874ac25081d491499b90 |
| 14 | HP1ZiMFPD | https://www.wish.com/search/baseboard%20buddy/product/5c85aca73b901c4f7353fe5a | https://www.wish.com/merchant/5e7bc42323e5a1145cfa7 |
| 15 | hyqwa789 | https://www.wish.com/search/baseboard%20buddy/product/5f40c88331243410daae0444 | https://www.wish.com/merchant/59029ed3e322099 13a3d4f |
| 16 | JM734694 | https://www.wish.com/search/baseboard%20buddy/product/5ea93f34e7334 60ce7019aca | https://www.wish.com/merchant/5e7bbbcb7b5882a010099e3 |
| 17 | km123 | https://www.wish.com/search/baseboard%20buddy/product/5dbf02005056a305 | https://www.wish.com/merchant/5c4e60f80c3e7971c61f6152 |
| 18 | KOZEYSDOTCOM | https://www.wish.com/search/baseboard%20buddy/product/5f80b00451db92005056a305 | https://www.wish.com/merchant/5f4dec733d6cd0e00266d5c7 |
| 19 | lisexinqdk | https://www.wish.com/search/baseboard%20buddy/product/5f40c6845e7a7003b7c029b | https://www.wish.com/merchant/5e60a90o6f61c0qa174a974 |
| 20 | Mannielife | https://www.wish.com/search/baseboard%20buddy/product/5cf7b32edef5b0f6a081a0911 | https://www.wish.com/merchant/58b66a700c269a37fe248793 |
| 21 | mccoabereqxvn | https://www.wish.com/search/baseboard%20buddy/product/5f40a81429f6c500cb179a9bf | https://www.wish.com/merchant/587eac39e78674a7074634 |
| 22 | ME11 | https://www.wish.com/search/baseboard%20buddy/product/5d9afa2846ef e6fd2a6253d | https://www.wish.com/merchant/59b6fcd6866 96ee1c8c4ea6 |
| 23 | O6TGDQ0A4E | https://www.wish.com/search/baseboard%20buddy/product/5e842c12 9fe53c04779ffff | https://www.wish.com/merchant/58bcac1538045 87ff6835cc |
| 24 | p99ulianzhijie@163.com | https://www.wish.com/search/baseboard%20buddy/product/5e94 2cedf345e009b00f0899 | https://www.wish.com/merchant/58b50d3ee8866b52b73177fd |
| 25 | Perseveranceecoltd | https://www.wish.com/search/baseboard%20buddy/product/5f91bb4d32a430d0ed8a64a | https://www.wish.com/merchant/5af25b681b6b4a1811 4f3996 |
| 26 | Piapple | https://www.wish.com/search/baseboard%20mop/product/5a977f64d8f6ae40a0f11a6ba | https://www.wish.com/merchant/59524641f63973c1fc08f5a3 |
| 27 | Pneumatic tools | https://www.wish.com/search/baseboard%20mop/product/5e84d6273b749abf78807a2 | https://www.wish.com/merchant/5eef6f65b2ec13180019c80 |
| 28 | positivestyle | https://www.wish.com/search/baseboard%20mop/product/5ef0899d9ad76c7f69349e72 | https://www.wish.com/merchant/5e93a22a675f01074a305e0 |
| 29 | q2aqawS | https://www.wish.com/search/baseboard%20mop/product/5c659233f48046700415a9845 | https://www.wish.com/merchant/5d8d46d6f61c0d2cf74ac01 |
| 30 | qilustore | https://www.wish.com/search/baseboard%20mop/product/5e9040b33edb5a004ab45ca9 | https://www.wish.com/merchant/59e6e19c772f6324acc70902a |
| 31 | salothrkcgb | https://www.wish.com/search/baseboard%20mop/product/5f40d7f149aeb90cf62f719 | https://www.wish.com/merchant/586cc7804ce9c4f6fi144ed |
| 32 | seryfvleethesrmc | https://www.wish.com/search/baseboard%20mop/product/5e6071ea0ef9df66959414176 | https://www.wish.com/merchant/5e6071ea0ef9df6959414176 |
| 33 | slalleawavack | https://www.wish.com/search/baseboard%20mop/product/5f40d7f00041004e04300 | https://www.wish.com/merchant/5e6071 5ba6757d7ec043f7dd |
| 34 | smegbthygbh | https://www.wish.com/search/baseboard%20mop/product/5f40d844754583003a767227e | https://www.wish.com/merchant/5e606cc34755ccd55125ac56 |
| 35 | SNZ30D3A | https://www.wish.com/search/baseboard%20mop/product/5f40d52b63b68a19000 41a531 | https://www.wish.com/merchant/5e79b06a8cb1582c0f4f3d3 |
| 36 | teaushyrmsbbj | https://www.wish.com/search/baseboard%20mop/product/5f40c8ae40b1le1009174476 | https://www.wish.com/merchant/5e6 0a322a675f401074a305e0 |
| 37 | theetalnwys | https://www.wish.com/search/baseboard%20mop/product/5d40c47804ac364551 | https://www.wish.com/merchant/5d43d6a55a26055a51bbffe |
| 38 | Think Best | https://www.wish.com/search/baseboard%20mop/product/5f5944523f354d6004d8cf18d | https://www.wish.com/merchant/586cc7804ce9c4f6fi144ed |
| 39 | thxdossfbnggt | https://www.wish.com/search/baseboard%20mop/product/5f40d844d02511e0b0f4f2 | https://www.wish.com/merchant/5e6071 5ba6757d7ec043f7dd |
| 40 | tithysyid | https://www.wish.com/search/baseboard%20mop/product/5e6b53724a94004 2ac38a8 | https://www.wish.com/merchant/5e6072ced6f61cc0bf37a50f5 |
| 41 | Unbeatalesale.com | https://www.wish.com/search/baseboard%20mop/product/591625cc00b8e446514ce74 | https://www.wish.com/merchant/5877e44da35cf2f491c92e |
| 42 | wangjuanjuang | https://www.wish.com/search/baseboard%20mop/product/5f53e97acffb251024d ff99 | https://www.wish.com/merchant/5ae9145e711ceb72044712798 |
| 43 | whoulerkvpofk | https://www.wish.com/search/baseboard%20mop/product/5f40d7e8f3925 00c46533dc | https://www.wish.com/merchant/57af55cc038027d80a |
| 44 | WR1VJCIE8 | https://www.wish.com/search/baseboard%20mop/product/5f40d6806cd89035e67bc5f | https://www.wish.com/merchant/5e7b8f7129e78613b08cf109 |
| 45 | WZ1IVEP51 | https://www.wish.com/search/baseboard%20mop/product/5f40d6b50c76c0c63c03d43 | https://www.wish.com/merchant/5e79d0317b58b281900897b |
| 46 | XAN16P8HW | https://www.wish.com/search/baseboard%20mop/product/5f40d7f4cb3e5500 4fba169a | https://www.wish.com/merchant/50d3de616085159986c8efc |
| 47 | XinTang shop | https://www.wish.com/search/baseboard%20mop/product/5e00d3a95fb04809 4a225ce | https://www.wish.com/merchant/5eb512e310533984f7ae0b57 |
| 48 | y laoqvaqd | https://www.wish.com/search/baseboard%20mop/product/5f4934c3e071ca1b99e7a54 | https://www.wish.com/merchant/58d80a55a26055a51bbffe |
| 49 | Youqi-store | https://www.wish.com/search/baseboard%20mop/product/5e6b7122ae03602c72a88a2 | https://www.wish.com/merchant/5f3ca437522e557b7 7eecd |
| 50 | Yunxiangjshang | https://www.wish.com/search/baseboard%20mop/product/5f6caa22c8c74401b77d22d6b | https://www.wish.com/merchant/5f7bbb340a0ba59ef6b5e56a |
| 51 | Zl0RKFTX9 | https://www.wish.com/search/baseboard%20buddy/product/5f40d603f62b510b694 7db6d9 | https://www.wish.com/merchant/599778a42ebca2f2a20cf01 |
| 52 | zhangwei1986 | https://www.wish.com/search/baseboard%20buddy/product/5c7f09e16dcad319a9e5200 | https://www.wish.com/merchant/58461605d446326b0cd95077 |
| 53 | zhaoyinghai33 | https://www.wish.com/search/baseboard%20buddy/product/5c858d2f1f94153cdf1451e1 | |